1
2
3
4
5

**UNITED STATES DISTRICT COURT**

6

**DISTRICT OF NEVADA**

7

OTIS HALL,                                    )
                                              )        Case No. 2:09-cv-01871-JCM-PAL
8                        Plaintiff,           )
                                              )        **ORDER AND REPORT OF FINDINGS**
9    vs.                                      )        **AND RECOMMENDATION**
                                              )
10   BRADFORD R. JERBIC, *et al.*,            )        (IFP Application - Dkt. #2)
                                              )
11                       Defendants.          )
     _____)

12

13       Plaintiff Otis Hall is proceeding in this action *pro se*.  On September 28, 2009, Plaintiff

14   submitted a Complaint (Dkt. #1) pursuant to 42 U.S.C. § 1983 on September 23, 2009.  On July 28,

15   2010, the court entered an Order (Dkt. #2) noting that Plaintiff did not pay the required filing fee of

16   $350.00 or file an application to proceed *in Forma Pauperis* in compliance with 28 U.S.C. § 1915(a)(1)

17   and (2) and Local Rules LSR 1-1 and 1-2.  The court directed Plaintiff to either pay the filing fee or

18   submit an application.  On August 23, 2010, Plaintiff filed an Application to Proceed *In Forma*

19   *Pauperis* (Dkt. #2).  This proceeding was referred to this court by Local Rule IB 1-9.

20   **I.    *In Forma Pauperis* Application**

21       Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees

22   and costs or give security for them.  Accordingly, the request to proceed *in forma pauperis* will be

23   granted pursuant to 28 U.S.C. § 1915(a).  The court will now review Plaintiff's complaint.

24   **II.   Screening the Complaint**

25       Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a

26   complaint pursuant to § 1915(a).  Federal courts are given the authority dismiss a case if the action is

27   legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

28   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a

1    court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint

2    with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

3    deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.

4    1995).

5         Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for

6    failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a

7    ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir.

8    2000).  A properly pled complaint must provide a short and plain statement of the claim showing that

9    the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544,

10   555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels

11   and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 129

12   S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as

13   true all well-pled factual allegations contained in the complaint, but the same requirement does not

14   apply to legal conclusions.  *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action,

15   supported only by conclusory allegations, do not suffice.  *Id.* at 1949.  Secondly, where the claims in the

16   complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.

17   *Twombly,* 550 U.S. at 570.

18        The Complaint (Dkt. #1) was filed on the court's form civil rights complaint pursuant to 42

19   U.S.C. § 1983.   To state a claim under section 1983, a plaintiff must allege that a right secured by the

20   Constitution has been violated, and the deprivation was committed by a person acting under color of

21   state law.  West v. Atkins, 487 U.S. 42 (1988) (citation omitted).  States and state officers sued in their

22   official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not

23   be sued under the statute.  *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).  Section 1983

24   does allow suits against state officers in their individual capacities.  *Hafer v. Melo*, 502 U.S. 21, 26

25   (1991).

26        Plaintiff's Complaint alleges he was harassed by Officer Herrera for riding a moped.  He alleges

27   Officer Herrera used a taser and arrested Plaintiff because Plaintiff is black and because Officer Herrera

28   believes all black people carry weapons.  In count two, Plaintiff alleges that City Attorney Bradford

Jerbic knew all seven of the charges brought against Plaintiff were false.  Plaintiff notes that he was only tried on three of the original seven charges and wonders "how can the City Attorney pick out which charges he want[s] to drop or keep."  Plaintiff seeks compensatory damages in the amount of $200 dollars per day for each day he was wrongfully incarcerated, and he seeks to have Officer Herrera removed from his job.

Plaintiff cannot state a claim against City Attorney Bradford Jerbic.  Prosecutors are absolutely immune from liability for violating the constitutional rights of others when acting within the scope of their duties.  *See Imbler v. Pachtman*, 434 U.S. 409, 427 (1976).  In determining whether a defendant enjoys absolute prosecutorial immunity, the court examines the nature of the function performed, not the identity of the actor who performed it.  *See Kalina v. Fletcher*, 522 U.S. 118, 127 (1997).  *Imbler* instructed that prosecutors are absolutely immune from suit when they function as advocates.  *Imbler*, 424 U.S. at 430-31.  Thus, prosecutors engaged in traditional prosecutorial functions–those activities "intimately associated with the judicial phase of the criminal process"–are absolutely immune from suits under Section 1983.  Id. at 430.  Because Plaintiff is attempting to state a claim against City Attorney Bradford Jerbic for actions taken in connection with prosecuting Plaintiff's criminal case, Defendant Jerbic is immune from suit.  Therefore, it will be recommended that Plaintiff's claim against Defendant Jerbic be dismissed.

Plaintiff can also not state a claim against Defendant Herrera.   It is well-settled that federal district courts do not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise.  *See, e.g., Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).  Moreover, the Supreme Court has held that a § 1983 action cannot be used to collaterally attack a criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination. or called into question by a federal court's issuance of a writ of habeas corpus.  *See Heck v. Humphrey*, 512 U.S. 477, 484 (1994) (stating "We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions").  *Heck* is grounded in the "strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction."  *Id*. at 484.

1    Here, it does not appear that Plaintiff's conviction has been reversed on direct appeal, expunged by
2    executive order, declared invalid, or called into question.  As a result, it will be recommended that
3    Plaintiff's claims concerning his state court conviction be dismissed.

4         Lastly, Defendant has not stated any facts or allegations against Officer Sibbett.  Defendant
5    Sibbett is listed on the page of the Complaint enumerating the Defendants, and it appears he is an
6    officer with the Department of Detention.  Plaintiff states this Defendant committed perjury by putting
7    his name on a false report, but he states no other facts to support this claim.  Because the claim appears
8    to relate to Plaintiff's arrest, this claim is barred by *Heck* for the reasons set forth above.

9         Based on the foregoing,

10   **IT IS ORDERED:**

11   1.    Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. #2) is GRANTED.

12   2.    The Clerk of Court shall file Plaintiff's Complaint.

13   **IT IS RECOMMENDED** that Plaintiff's Complaint be DISMISSED for failure to state a claim
14   upon which relief can be granted.

15         Dated this 26th day of August, 2010.

17
18   PEGGY A. LEEN
     UNITED STATES MAGISTRATE JUDGE

4